IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| FARMERS ELEVATOR COMPANY, ) | Case No. 19-10062 SAH |
| Debtor, ) | (Chapter 7) |
| ) | |
| GINGER D. GODDARD, TRUSTEE ) | |
| Plaintiff, ) | Adversary Proc. No. 21- |
| vs. ) | |
| ) | |
| ARCHER DANIELS MIDLAND CO., ) | |
| Defendant, ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C §§ 547, 548 AND 550**

Plaintiff, GINGER D. GODDARD, TRUSTEE ("Plaintiff "), through counsel, files this complaint ("Complaint") to avoid and recover transfers against ARCHER DANIELS MIDLAND CO. ("Defendant'). In support of the Complaint, plaintiff alleges, upon information and belief, that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of Farmers Elevator Company ("Debtor") pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

**JURISDICTION AND VENUE**

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §157 and §1334.

3. This is a core proceeding under 28 U.S.C. §§157(b), and is authorized by law in that the relief sought herein is predicated on sections 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

4. Pursuant to Bankruptcy Rule 7008, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

5. Venue is proper pursuant to 28 U.S.C. §§1408, 1409.

## THE PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Trustee of the Estate of the above-named Debtor.

7. ARCHER DANIELS MIDLAND CO. ("Defendant") is a company with headquarters located at 77 West Wacker Drive, Suite 4600, Chicago, Illinois 60601. Upon information and belief, Juan R. Luciano is the President and Chief Executive Officer of the Defendant.

## FACTUAL BACKGROUND

8. The Debtor filed its Chapter 7 petition in the United States Bankruptcy Court for the Western District of Oklahoma, on January 10, 2019, *In re Farmers Elevator Company*, Case No. 19-10062. This adversary proceeding arises thereunder.

9. During the ninety (90) days before the petition date, October 12, 2018, to January 10, 2019 ("Preference Period"), Debtor continued to operate its business affairs.

10. Upon information and belief, during the course of their relationship, Debtor made certain payment(s) to Defendant as follows:

    a.    $11,468.04 on October 17, 2018;

    b.    $18,668 on October 18, 2018;

    c.        $11,934 on October 22, 2018;

    d.        $9,334 on October 24, 2018;

    e.        $8,814 on November 5, 2018; and

    f.        $8,346 on December 11, 2018.

11. Upon information and belief, Plaintiff has determined Debtor made transfer(s) of an interest of Debtor's property to or for the benefit of Defendant through payments aggregating to an amount of not less than $68,564.04.

12. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers ("Transfer(s)") made by Debtor of an interest of the Debtor in property, and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s); (ii) additional Transfer(s), (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I - Avoidance of Preference Period Transfers – 11 U.S.C. §547

13. All preceding paragraphs are adopted, re-alleged, and incorporated by reference.

14. During the Preference Period, Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than $68,564.04.

15. Each Transfer constituted transfers of an interest in property of the transferring Debtor.

16. Defendant was a creditor at the time of each Transfer for which Debtor was obligated to pay by virtue of holding a debt owed by Debtor.

17. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(l), because each Transfer either reduced or fully satisfied a debt or debts then owed by Debtor.

18. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor.

19. Each Transfer was made while Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to U.S.C. § 547(f).

20. Each Transfer was made during the Preference Period.

21. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the bankruptcy case, as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

22. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. §547(b).

### COUNT II - Avoidance of Fraudulent Conveyances – 11 U.S.C. §548(a)(1)(B)

23. All preceding paragraphs are adopted, re-alleged, and incorporated by reference.

24. To the extent one or more of the Transfers was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by Debtor without a corresponding transfer into the payment account of the Debtor, Plaintiff pleads in the alternative that Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   a. Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

   c. Debtor intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

25. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT III – Recovery of Avoided Transfers – 11 U.S.C. §550

26. All preceding paragraphs are adopted, re-alleged, and incorporated by reference.

27. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. §547(b), and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. §548 (collectively, the "Avoidable Transfer(s)").

28. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee for whose benefit the Avoidable Transfer(s) were made.

29. Pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Ginger D. Goddard, Plaintiff, respectfully prays that the Court grant her judgment against Defendant, ARCHER DANIELS MIDLAND CO., on Plaintiff's First, Second, and Third Claims for Relief, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and/or 548 and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Ginger D. Goddard
**Ginger D. Goddard**, OBA #3416
224 West Gray Street, Suite 202
Norman, Oklahoma 73069
(405) 329-5297 fax 310-6379
gingergoddard@cox.net
Attorney for Trustee